Oabutiiees, J.,
delivered the opinion of the court.
The defendant was indicted in the circuit court of Franklin county for selling spirits to a slave, at the March Term, 1852, and at July Term, 1852, the indictment was, on motion of defendant, quashed, upon the ground that there was no prosecutor marked upon it. Appeal in error to this court by the attorney general.
There must be a prosecutor marked on all indictments, except there be some statute changing the law as to a particular offense, or class of offenses. Many such laws have been enacted, founded upon the reason that it is more important to the community to suppress certain unlawful practices, than it is dangerous to the citizen to be called to answer a criminal offense without the endorsement of the charge by a prosecutor; and for the additional reason, that experience demonstrates that it often happens that no one will incur the ill will of petty offenders by instituting a charge against them as prosecutors.
The case of selling spirits to a slave without a permit from the owner, the most odious and mischievous of all •the minor misdemeanors, is one of the cases the legislature has singled out as a proper one for the application of this principle. "VVe do not think the case is covered by the Act of 1846, ch. 90, § 3 or 11, so as to fall under the 13th section of that act, by which the attorney general is permitted to file indictments eco offieio, upon tlie construction of which act the argument in this case has been made. But by the 11th section, all the acts before passed prohibiting sales to slaves, are expressly preserved from repeal by implication. Among these is the Act of 1842, ch. 141; Nich. Sup. 135-6.' In the 3d section of *265 this act, it is expressly provided that “no prosecutor shall be necessary” on indictments for this offense.
The judgment of the circuit court will therefore be reversed, and the case remanded for further proceedings.